OPINION OF THE COURT
David Goldstein, J.
This is a motion to dismiss the indictment as defective or, *414 alternatively, in the interest of justice, pursuant to CPL 210.40. The case raises an issue of first impression, dealing with the continued viability and effect of a prior indictment, where a second Grand Jury, upon re-presentment by the District Attorney, has dismissed the same charges by voting no true bill (CPL 190.60 [4]; 190.75 [1]).
Defendant was charged, by an indictment filed October 28, 1991, with attempted murder, attempted rape and assault, first and second degrees, relating to an incident which occurred on August 23, 1991, while complainant, Vivian Falk, was swimming in the ocean in Far Rockaway, Queens. It is alleged that defendant approached her, pulled off her bathing suit, jumped on her and tried to push her head under the water in an attempt to choke and drown her. As complainant attempted to flee, he grabbed her around the waist, covered her mouth and tried to drown her. Complainant was able to bite her assailant’s hand, breaking her bridgework in the process.
One and one-half months later, on October 11, 1991, complainant and her friend, who had also witnessed the attack, observed defendant walking on Seagirt Avenue, in Far Rockaway. They notified the police and defendant was apprehended at about Beach 13th Street and the Boardwalk, where he was identified by both (see, People v Alvarez, 154 Misc 2d 204).
Contrary to the claims by the District Attorney, the Grand Jury minutes did not contain any facts dealing with the rape charge to in any way implicate the defendant, other than conclusory opinions, which were insufficient to support a charge for attempted rape. As a result, on February 10, 1992, this court granted defendant’s motion to dismiss count 2 of the indictment for attempted rape in the first degree, preserving the remaining counts for attempted murder in the second degree and assault, first and second degrees.
Pursuant to leave granted by the prior order, the case was re-presented to the Grand Jury, beginning on May 5, 1992. However, instead of presenting just the attempted rape charge, which he could have done, the District Attorney chose to re-present the entire case, including those charges covered by the original indictment, and an additional charge for reckless endangerment in the first degree. Defendant testified before this second Grand Jury on May 14, 1992, following which, the grand jurors voted no true bill, thereby dismissing all charges (see, CPL 190.60 [4]; 190.75 [1]).
*415 Notwithstanding this action, the District Attorney now seeks to proceed to trial on the original indictment, which, it claims, was never superseded. It further argues that the second Grand Jury was not authorized in overruling the first Grand Jury, albeit the action by the second, in terms of the scope of the charges which it considered, resulted from what was submitted to it by the District Attorney. Moreover, the evidence before it was far more extensive, since defendant testified before the second Grand Jury, not the first, which evidently credited his account and not that of the victim.
Neither the statute nor any reported decision deals with the precise issue before the court on this motion. We are not concerned here with a superseded indictment. Therefore, notwithstanding the District Attorney’s argument, CPL 200.80 has no applicability to the facts of this case. Thus, the statutory admonition that "[t]he first indictment is not * * * superseded with respect to any count * * * which charges an offense not charged in the second indictment” is inapposite, since there was no "second” or superseding indictment here.
Equally without merit is the District Attorney’s contention that the statute only authorizes a second Grand Jury to add to charges filed by the first Grand Jury, not to subtract from any such charges. The argument finds no support in the legislative scheme. If this were the case, why would the People resubmit to a second Grand Jury the identical charges previously submitted and covered by an existing indictment? The only conceivable answer is to avoid the necessity of having to move to consolidate the two indictments (CPL 200.20), which, otherwise, would be the only available means to have both proceed to trial together. To condone such action, with no resulting consequences, would permit the District Attorney to improperly manipulate the Grand Jury system, thereby undermining the integrity of the process and the legislative scheme by which judicial approval of consolidation is obtained.
As has been frequently observed, the District Attorney serves a dual role, as advocate and as public officer. Insofar as concerns the Grand Jury procedure, the prosecutor is charged, not only with a duty to secure indictments, but also to see that justice is done, with a duty of fair dealing vis-á-vis the accused (People v Lancaster, 69 NY2d 20, 26, cert denied 480 US 922; People v Pelchat, 62 NY2d 97, 105; People v Curry, 153 Misc 2d 61; People v Boria, 144 Misc 2d 604, 606). This duty is hardly satisfied by condoning a procedure which *416 subjects a defendant to multiple Grand Jury submissions, with resulting consequences, according to the People, only upon indictment, not upon dismissal of the charges by the Grand Jury.
In People v Wilkins (68 NY2d 269), the Court of Appeals held that, after presentation of the evidence, a prosecutor may not withdraw a case from the Grand Jury and thereafter resubmit to a second Grand Jury, without the consent of the court. In so holding, the Court found that the statute with respect to Grand Jury proceedings did not contemplate the termination of deliberations without some action by the Grand Jury, i.e., the limited range of dispositions provided by CPL 190.60, which includes either indictment or dismissal of the charges (68 NY2d, at 273-274; CPL 190.60).
Moreover, upon dismissal, the charges may not be resubmitted to a Grand Jury "unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury.” (CPL 190.75 [3].) Thus, holding that the District Attorney’s withdrawal of a case from the Grand Jury was "the equivalent of a dismissal by the first Grand Jury” (68 NY2d, at 271), the Court of Appeals observed in Wilkins (supra, at 275): "The dissent and the People can cite no authority which directly supports the contention that the District Attorney possesses inherent power to withdraw a case from Grand Jury consideration. This lack of any judicial or legislative acknowledgement of authority is understandable. An explicit recognition of such power by this court would furnish the prosecutor the means of defeating CPL 190.75 (3) in almost every case by withdrawing all but 'open and shut’ cases and resubmitting them after further preparation or a more compliant Grand Jury is impaneled.”
Similarly, in our case, the failure of the second Grand Jury to vote a true bill was an outright rejection of the People’s case and was equivalent to a dismissal (see, People v Cade, 74 NY2d 410, 415; CPL 190.60 [4]; 190.75). This dismissal would require judicial approval before resubmission to another Grand Jury. To sustain the practice followed by the prosecution here would obviate CPL 190.75 (3), which requires judicial approval for resubmission where a Grand Jury has dismissed the charges. It would render meaningless the dismissal by the second Grand Jury, albeit that body had been presented with more extensive evidence than that before the first Grand Jury, the defendant having testified upon re-presentment of the case.
*417 It would also effectively nullify a defendant’s right, pursuant to CPL 190.50, to testify before a Grand Jury and, in the process, give an unfair and unreasonable advantage to the People. Under the District Attorney’s analysis, the People would lose nothing should defendant elect to testify. On the one hand, if he were charged by the second Grand Jury, the original indictment would be superseded by the new indictment. On the other hand, if the second Grand Jury were to dismiss, the prosecution could nevertheless proceed in reliance upon the original indictment, as the People seek to do here. In either case, the result is disadvantageous to the defendant, whose rights ought to be safeguarded against this type of overzealous prosecution.
I perceive no valid or useful purpose to be served by enlargement of the prosecutorial power as is sought by the People in this case. The People, having elected to resubmit the entire case, in lieu of resubmitting only the count which had been dismissed, and any additional charges, should be bound by the vote and determination by the second Grand Jury. In my view, any other disposition would not give full effect to the good-faith obligation of the People to deal fairly with the accused, would radically and destructively undermine the integrity of the Grand Jury process, and would improperly permit the prosecution to resort to multiple Grand Jury submissions, without judicial sanction or approval, and without consequence should the charges be rejected, as they were in this case.
The observation by the Appellate Division, Second Department, in People v Dykes (86 AD2d 191, 195) is instructive: "In a very real sense the Grand Jury may be said to represent the 'common sense’ or consensus of the entire community. (See People v Neidhart, 35 Misc 191, 192.) * * * The dismissal of a charge by the Grand Jurors after a full hearing, such as took place in this case, must be taken as establishing as a fact that the evidence was not of sufficient credible worth to warrant a prosecution and should not be presented to a petit jury. Such a finding by the Grand Jury is justly entitled to great weight and prosecutors and Judges are not privileged to substitute their judgment for that of the Grand Jury. Indeed, a determination by the Grand Jury that the evidence before it does not warrant an indictment should end the matter and there should not be a resubmission unless it appears, for example, that new evidence has been discovered since the former submission; that the Grand Jury failed to give the case a com *418 píete and impartial investigation; or that there is a basis for believing that the Grand Jury otherwise acted in an irregular manner. (See People v Martin, 71 AD2d 928, supra; People v Groh, 97 Misc 2d 894; People v Dziegiel, 140 Misc 145, 146; People v Neidhart, supra.)” (Emphasis added.)
The foregoing applies with equal force here. The determination by the second Grand Jury, which, as noted, had before it more extensive evidence than that presented to the first Grand Jury, is entitled to "great weight.” No challenge has been made to the second Grand Jury in terms of the propriety and regularity of its investigation and the proceedings conducted. The attempt to now proceed to trial on the first indictment, in clear conflict with the dismissal by the second Grand Jury, accords no weight to or deference for that latter determination and is improper.
If, as the People suggest, the second Grand Jury was not authorized in rejecting the determination by the first Grand Jury, why did the District Attorney resubmit the charges covered by the first indictment? Plainly, such resubmission was fair to the defendant, who elected to testify. The second Grand Jury, having heard all relevant witnesses, including the defendant, believed him and dismissed all charges. Having done so, the District Attorney may not obviate that dismissal by proceeding to trial on the original indictment. In my view, such a procedure would be both unconscionable and inconsistent with the prosecutor’s public obligation of good faith and fair dealing.
Notwithstanding the District Attorney’s argument that this court is without statutory authority to dismiss, dismissal here merely gives effect and recognition to the dismissal by the second Grand Jury. Moreover, as a practical matter, if the District Attorney, who controls the submission of evidence to a Grand Jury, cannot convince that body that there is a real basis to charge an individual with a crime, why, and under what authority, would the People seek to proceed to trial on an earlier indictment.
In my view, to sustain such action here would be improper. It would be unreasonably favorable to the People and would be inconsistent with this court’s obligation to safeguard the rights of all who come before it, a consideration which should be within the prosecutor’s public responsibility.
Accordingly, under the unique circumstances presented, I find the action by the prosecution, in resubmitting the entire *419 case, and the vote by the second Grand Jury, dismissing all charges, including those contained in the original indictment, sufficient to render the first indictment invalid as a matter of law. The nullifying action by the Grand Jury precludes the use of that instrument to support further prosecution in this case.
Were I not dismissing on that ground, I would nevertheless dismiss in the interest of justice, under the statutory criteria contained in CPL 210.40 (1). The statute provides that an indictment, or any count, may be dismissed in furtherance of justice, where "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice”.
The discretion to dismiss in furtherance of justice should be exercised "sparingly” (People v Howard, 151 AD2d 253, 256, lv denied 74 NY2d 811; see also, People v Insignares, 109 AD2d 221, 234, lv denied 65 NY2d 928). The power to grant relief is not absolute (People v Reyes, 174 AD2d 87, 89; People v Ortiz, 152 AD2d 755, lv denied 74 NY2d 899). The statute sets forth 10 factors to be considered, "individually and collectively,” in determining whether dismissal is appropriate (CPL 210.40 [1]), a disposition which should reflect a "sensitive balance between the individual and the State.” (People v Clayton, 41 AD2d 204, 208; People v Reyes, supra, 174 AD2d, at 89.)
A review of the statutory criteria, in light of the facts and circumstances of this case, affirmatively demonstrates a clear basis for dismissal here. Indeed, in my view, under most of the statutory factors, further and continued prosecution here, especially in view of the Grand Jury’s dismissal of the very same charges, would be unseemly. As noted, it is inconsistent with the District Attorney’s public responsibility to see that justice is done, act with integrity and deal fairly with those accused of crimes.
In deciding whether dismissal is warranted in furtherance of justice, the statute directs the court to take into account the following factors: (a) "the seriousness and circumstances of the offense;” (b) "the extent of harm caused by the offense;” (c) "the evidence of guilt,” whether or not admissible at trial; (d) "the history, character and condition of the defendant;” (e) any "exceptionally serious misconduct of law enforcement;” (f) "the purpose and effect of imposing upon the defendant a *420 sentence;” (g) "the impact of a dismissal upon the confidence of the public in the criminal justice system;” (h) "the impact of a dismissal on the safety or welfare of the community;” (i) "the attitude of the complainant or victim with respect to the motion;” and (j) "any other relevant fact indicating that a judgment of conviction would serve no useful purpose.” (CPL 210.40 [1].)
In terms of the statutory criteria, although, unquestionably, the offenses here are of a serious nature, the dismissal of those charges by the Grand Jury is dispositive and precludes the prosecutrix from proceeding to trial on the very same charges. As to "the extent of harm caused by the offense,” no injury is alleged to have resulted from the attack, other than damage to complainant’s bridgework when she bit her assailant. In the first place, this resulted from action taken by the complainant, not defendant in the course of commission of the crime. Moreover, not without significance is that, when defendant appeared before the second Grand Jury, he bore no sign or indication of any injury to his hand, the absence of which may have impelled the Grand Jury’s dismissal here.
Notwithstanding the District Attorney’s argument that the evidence of guilt is overwhelming (para [c]), the Grand Jury, a body usually firmly under the prosecutor’s control, dismissed all of the charges. Insofar as concerns "the history, character and condition of the defendant” (para [d]), as far as appears, he has no prior record or involvement with the criminal justice system. While there is no claim of any misconduct by the People (para [e]), except in now seeking to proceed to trial on the original indictment, plainly, dismissal would have no appreciable impact upon "the confidence of the public in the criminal justice system” (para [g]), nor upon "the safety or welfare of the community” (para [h]).
In arguing to the contrary, the People overlook that the Grand Jury dismissed all charges here. Thus, the attitude of the complainant or victim is irrelevant (para [i]), as is her desire to prosecute the case and appear, if necessary, before the Grand Jury.
Under the circumstances, in view of the dismissal, no purpose would be served by imposing on defendant an obligation to defend the very same charges which have been dismissed. Such a result would be most inequitable and plainly inconsistent with the District Attorney’s public responsibility to act fairly toward those with whom he deals. Notwithstanding the *421 People’s claim that this court lacks jurisdiction or authority to dismiss, dismissal here would merely give effect to the Grand Jury’s prior dismissal of the very same charges. Any other result would condone the attempt by the People to play fast and loose with the rights of individuals subjected to the criminal justice system.
Accordingly, defendant’s motion is granted in its entirety and, for the foregoing reasons, the original indictment (No. 6653/91) is dismissed and the record sealed.