OPINION OF THE COURT
Randall T. Eng, J.
Defendant moves to dismiss the instant indictment on the *115 grounds that there presently exists a jurisdictional or legal impediment to the conviction of the defendant for the crimes charged (CPL 210.20 [1] [h]). This motion has become timely at this stage of the proceedings due to the resubmission of the evidence in this case by the District Attorney to a second Grand Jury, which resulted in a finding of no true bill as to all counts. The effect of that action on the instant charges is the matter now in issue. Were this situation truly one of first impression the procedure utilized by the District Attorney’s office might be merely characterized as unfortunate; however, because an almost identical scenario resulted in an unrelated indictment being dismissed by another court in this county, only three months ago (People v Alvarez, 155 Misc 2d 413 [Sup Ct, Queens County 1992]) the conduct of those participating in these Grand Jury proceedings must be seriously examined.
On or about December 26, 1991, a first Grand Jury heard testimony with regard to a stabbing incident involving the defendant that had occurred on December 21, 1991, and which resulted in the death of one Craig Sohl and in physical injuries to one Virginia Potter. At the conclusion of the first Grand Jury presentation, a true bill was voted against the defendant on the following charges: one count of murder in the second degree (depraved indifference — Penal Law § 125.25 [2]) for the death of Craig Sohl; two counts of assault in the first degree (depraved indifference and furtherance of a felony —Penal Law § 120.10 [3], [4]) for the slashing of Virginia Potter; two counts of assault in the second degree (intentional and reckless — Penal Law § 120.05 [2], [4]) for the slashing of Virginia Potter; and one count of criminal possession of a weapon in the fourth degree (a knife with intent to use unlawfully — Penal Law § 265.01 [2]). The indictment was filed on or about January 15, 1992.
By memorandum decision, dated April 2, 1992, this court found that there was legally sufficient evidence adduced before the first Grand Jury to sustain counts one, two, four, five and six of the indictment and denied that branch of the defendant’s omnibus motion which sought dismissal of those counts. Count three, charging assault in the first degree (Penal Law § 120.10 [4]), was dismissed by this court upon a finding that the injuries to Virginia Potter did not occur during the course of and in furtherance of the commission or attempted commission of a felony. The People were not granted leave to resubmit this charge to another Grand Jury, nor did they ever petition for such relief.
*116 Extensive pretrial Mapp, Wade and Huntley suppression hearings were held before this court on May 7 and May 12, 1992, resulting in this court ordering the suppression of one of the defendant’s postarrest oral statements made to the police and the suppression of potential eyewitness identification testimony relating to three lineups. On July 8, 1992, the Wade hearing was "reopened” and the People were permitted to establish independent source for certain of the potential in-court identifications at trial.
Sometime during the period between September and October of 1992, the trial Assistant District Attorney alerted the defendant’s attorney to the possibility that evidence supporting an additional charge, namely, murder in the second degree under an intentional theory of murder (Penal Law § 125.25 [1]), might be presented to a second Grand Jury. Relying upon this specific representation, defense counsel advised the Assistant District Attorney that should such a second presentation commence, his client, Gus Franco, wished to testify. The defendant’s position, fueled by the inherent possibility of an intentional murder count being lodged against him, was in contrast to his earlier decision not to testify at the first presentation.
On October 9, 1992, the People began the re-presentation of evidence to a second Grand Jury. As far as the defendant was concerned (based upon the earlier statements made to defense counsel), the District Attorney was now seeking a superseding indictment, pursuant to CPL 200.80, for the sole purpose of adding the single count of intentional murder. Seven of the original eight witnesses testified on October 9, 1992 and, with the exception of those areas of information that had been suppressed, their testimony was substantially similar to that which had been given at the first presentation. One witness, who had been present at the scene of the stabbing and whose testimony before the first Grand Jury spoke in terms of the defendant having acted in "self-defense,” did not testify before the second Grand Jury (the People have attempted to explain his nonappearance with the conclusory claim that he was "not available”). On October 23, 1992, the re-presentation was continued before the second Grand Jury and the defendant was afforded the opportunity to testify in his own behalf.
Following the close of evidence, an Assistant District Attorney charged the second Grand Jury on all the counts that had been submitted to the first Grand Jury (including the charge of assault in the first degree that had been dismissed under *117 the first indictment and for which leave to resubmit had not been obtained), as well as the four additional offenses of: manslaughter in the first degree (Penal Law § 125.20 [1]); assault in the first degree (intentional — Penal Law § 120.10 [1]); assault in the second degree (intentional — Penal Law § 120.05 [1]); and assault in the second degree (furtherance of a felony — Penal Law § 120.05 [6]). As in the first presentation, the second Grand Jury was also charged on the law of justification (Penal Law § 35.15). Although the ostensible purpose for the second presentation was to obtain an intentional murder count, the second Grand Jury was, nevertheless, never charged as to the crime of murder in the second degree under Penal Law § 125.25 (1). Whether the District Attorney’s office decided not to charge murder in the second degree at some time prior to the second presentation or, perhaps, after hearing the defendant testify that he acted in self-defense, neither the defendant nor his attorney were ever apprised of this most significant change in strategy until well after the fact.
After due deliberation, the second Grand Jury voted a "no true bill,” finding insufficient evidence to warrant a finding of a true bill on any of the 10 charges that had been submitted. An order of dismissal by the second Grand Jury (CPL 190.60 [4]; 190.75 [1]) was filed on or about October 28, 1992.
Having failed to obtain a superseding indictment after presentation of the original charges plus four new charges to a second Grand Jury, the District Attorney now argues that the first indictment still retains its legal validity, and is prepared to continue the prosecution of this defendant under the five remaining counts of the original instrument. The defendant contends that the actions of the second Grand Jury in rejecting all charges previously voted and filed by the prior Grand Jury effectively "nullified” the first indictment and he now seeks a formal court-ordered dismissal of those charges.
The facts in this case are remarkably similar to those in People v Alvarez (155 Misc 2d 413, supra). In Alvarez, the defendant had been indicted on charges of attempted murder in the second degree, attempted rape in the first degree and assault in the first degree and second degree, arising out of an alleged attack upon the victim while she was swimming in the ocean. Upon a finding of legally insufficient evidence in the Grand Jury minutes to sustain the charge of attempted rape in the first degree, the Alvarez court dismissed the count of attempted rape in the first degree and granted leave to the District Attorney to resubmit the dismissed charge to another *118 Grand Jury. Instead of simply resubmitting the dismissed charge of attempted rape in the first degree, the District Attorney elected to re-present the entire case to a second Grand Jury, including those charges covered by the original indictment and an additional charge of reckless endangerment in the first degree. As in the case at bar, the defendant in Alvarez chose to testify at the second presentation, following which, the grand jurors voted no true bill and the charges were dismissed.
In rejecting the District Attorney’s argument that they should be allowed to proceed to trial on the original indictment, which, the District Attorney claimed, was never superseded, Justice David Goldstein found that "the failure of the second Grand Jury to vote a true bill was an outright rejection of the People’s case and was equivalent to a dismissal” (People v Alvarez, supra, at 416, citing People v Cade, 74 NY2d 410, 415; CPL 190.60 [4]; 190.75). The Alvarez court held that the action by the District Attorney in resubmitting the entire case, which resulted in a dismissal by the second Grand Jury of all charges contained in the original indictment, was sufficient to render the first indictment invalid as a matter of law. The Alvarez court further held that "[t]he nullifying action by the Grand Jury precludes the use of that instrument to support further prosecution in this case” (at 419).
The legal reasoning adopted by the Alvarez court in its decision dismissing the indictment therein is most persuasive, is founded in well-reasoned logic and is directly applicable to the facts at bar. The People, for their part, incorrectly argue that the Alvarez court misconstrued the meaning of CPL 200.80 which provides the mechanism by which a first indictment may be "superseded” by a second indictment. They aver that because the statute provides, in effect, that charges voted by the first Grand Jury survive unless those charges are repeated (or superseded) in the second indictment, the Legislature did not intend to permit one Grand Jury to vacate charges voted and filed by another Grand Jury. Under the circumstances of this case the District Attorney’s logic is misplaced.
The District Attorney, in seeking to undo the damage unilaterally created by the overcharging of the second Grand Jury, has attempted to take refuge in a statute that, by its very words, is inapplicable to the present situation. CPL 200.80 only applies where an initial indictment has, in fact, been superseded by a second indictment. Since the second *119 Grand Jury failed to authorize a second, or superseding indictment by dismissing all charges submitted this court is not constrained by the statutory language contained within CPL 200.80.
The peculiar circumstances of this case have, of themselves, created a "legal impediment” (CPL 210.20 [1] [h]) to the conviction of the defendant for the offenses remaining under the first indictment. More specifically, this court holds that the second Grand Jury’s decision not to indict on any of the 10 charges submitted (notwithstanding the inescapable fact that the District Attorney was under no obligation, legal or otherwise, to submit any of the five charges that remained from the first indictment) created a legal nullification of the first indictment rendering it invalid. There now being no legally valid indictment upon which the District Attorney can proceed in this prosecution, a legal impediment, within the meaning of CPL 210.20 (1) (h), stands in the way of any possible conviction of the defendant for any of the charges heretofore remaining under the first indictment.
Accordingly, the defendant’s motion for an order dismissing the original indictment (No. 8101/91) is granted.