■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PEDRO ALVAREZ, Respondent. [612 NYS2d 594] —Appeal by the People from an order of the Supreme Court, Queens County (Goldstein, J.), dated September 8, 1992, which granted the defendant's motion to dismiss the indictment *(People v Alvarez,* 155 Misc 2d 413).

Ordered that the order is affirmed.

After a true bill was voted against the defendant by a Grand Jury, Queens County Indictment Number 6653-91 was filed, charging him with attempted murder in the second degree, attempted rape in the first degree, assault in the first degree, and assault in the second degree, stemming from an incident which occurred on August 23, 1991, in which the

complainant was allegedly attacked while swimming in the ocean at Far Rockaway, Queens. On February 10, 1992, the Supreme Court granted the defendant's motion to dismiss the count of the indictment charging him with attempted rape in the first degree.

Pursuant to leave granted by the Supreme Court, the prosecutor re-presented the case to a second Grand Jury. However, instead of re-presenting just the attempted rape charge, the prosecutor opted to re-present all of the charges covered by the original indictment, plus an additional charge of reckless endangerment in the first degree. The People's witnesses before the second Grand Jury were the same as those who had testified before the first Grand Jury. However, while the defendant had not testified on his own behalf before the first Grand Jury, he did testify before the second Grand Jury. The second Grand Jury voted a no true bill, thereby rejecting all of the charges against the defendant. In the order appealed from, the defendant's motion to dismiss the original indictment was granted.

The determination of the second Grand Jury nullified the determination of the first Grand Jury, rendering the original indictment invalid and thereby creating a "legal impediment" to the conviction of the defendant for the offenses charged (see, CPL 210.20 [1] [h]). Consequently, dismissal of the indictment was required (see, CPL 210.20 [1] [h]; *People v Franco,* 196 AD2d 357 [decided herewith]). Accordingly, the order appealed from is affirmed. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.