OPINION OF THE COURT
 

 Ciparick, J.
 

 CPL 210.20 (1) (h) permits dismissal of an indictment, upon motion by the defendant, where there exists a "legal impediment” to conviction. When the People elect to re-present charges to a second Grand Jury which are already contained in an indictment voted by a prior Grand Jury, and the second Grand Jury returns a "no true bill” following the re-present
 
 *496
 
 ment, the second Grand Jury’s determination creates a legal impediment to conviction of defendant under CPL 210.20 (1) (h), requiring dismissal of the indictment. Accordingly, we conclude that dismissal of the indictments was proper in the three cases before us on appeal.
 

 I
 

 People v Franco
 

 On December 26, 1991, a Grand Jury voted a true bill and indicted defendant on one count of murder in the second degree (Penal Law § 125.25 [2]), two counts of assault in the first degree (Penal Law § 120.10 [3]), two counts of assault in the second degree (Penal Law § 120.05 [4]) and one count of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). The People presented evidence tending to demonstrate that defendant killed a man and slashed a woman with a dagger when a quarrel ensued outside of the premises where these individuals had attended a holiday party. Except for one count charging assault in the first degree, the indictment, which was filed on January 15, 1992, survived a motion to dismiss for legal insufficiency.
 

 On October 9, 1992, the People advised defendant that they had garnered evidence to support an additional charge of intentional murder (Penal Law § 125.25 [1]), and re-presented seven of the original eight witnesses to a second Grand Jury. The one witness who was unavailable would have provided testimony favorable to defendant. In contrast to his decision to remain silent during the first Grand Jury proceeding, defendant testified in his own behalf before the second Grand Jury stating that he acted in self-defense. The People then instructed the second Grand Jury on all the counts previously submitted to the first Grand Jury but not on murder in the second degree, the crime for which re-presentment to the second Grand Jury was undertaken. The second Grand Jury returned a "no true bill” as to all charges.
 

 Defendant moved to dismiss the indictment pursuant to CPL 210.20 (1) (h). Supreme Court granted the motion, finding that the District Attorney forfeited the otherwise legally valid indictment. "[A] legal impediment, within the meaning of CPL 210.20 (1) (h), stands in the way of any possible conviction of the defendant for any of the charges * * * remaining under the first indictment”
 
 (People v Franco,
 
 160 Misc 2d 114, 119). The Appellate Division affirmed
 
 (see, People v Franco,
 
 196
 
 *497
 
 AD2d 357). A Judge of this Court granted the People leave to appeal.
 

 People v Alvarez
 

 By indictment filed October 28, 1991, defendant was charged with attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), assault in the first degree (Penal Law § 120.10 [3]), and assault in the second degree (Penal Law § 120.05 [6]) based on his attack on a 72-year-old woman while she was swimming in the ocean. Defendant did not testify before the Grand Jury that returned this indictment. Supreme Court denied defendant’s omnibus motion to dismiss the charges of attempted murder and assault, ruling that there was sufficient evidence to support those charges, but granted dismissal of the attempted rape charge, with leave to the People to re-present to a second Grand Jury.
 

 In addition to the attempted rape charge and a new charge of reckless endangerment in the first degree (Penal Law § 120.25), the People re-presented the attempted murder and assault counts to a second Grand Jury. The victim told the second Grand Jury that she had been swimming naked at the time defendant attacked her, a statement at odds with her previous Grand Jury testimony that she was wearing a bathing suit when she was attacked. Defendant elected to testify before the second Grand Jury, where he denied any contact with the victim, asserting that he had been misidentified as the assailant. After instructing the second Grand Jury on all the counts previously voted by the first Grand Jury plus the reckless endangerment charge, the second Grand Jury returned a "no true bill.”
 

 Defendant thereafter moved to dismiss the indictment as defective or, in the alternative, on the grounds that an interest of justice dismissal was warranted. Supreme Court granted the motion, holding that the second Grand Jury’s dismissal of all charges, including those contained in the original indictment, rendered the first indictment invalid as a matter of law
 
 (see, People v Alvarez,
 
 155 Misc 2d 413, 419). The Appellate Division affirmed
 
 (see, People v Alvarez,
 
 203 AD2d 372). A Judge of this Court granted the People leave to appeal.
 

 People v Jones
 

 On December 5, 1990, a Grand Jury indicted defendant for murder in the second degree (Penal Law § 125.25 [3]), attempted robbery in the first degree (Penal Law §§ 110.00,
 
 *498
 
 160.15 [2]), and attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]) in connection with the death of a 62-year-old man shot by cohorts of defendant after the man refused to pay defendant the $10 debt due from a sexual favor. Ten months later, the People re-presented the charges to a second Grand Jury with the additional count of burglary in the first degree (Penal Law § 140.30). The second Grand Jury voted a "no true bill,” and defendant subsequently moved to dismiss the indictment pursuant to CPL 210.20 and CPL 210.40.
 

 Unlike the
 
 Franco
 
 and
 
 Alvarez
 
 courts, here Supreme Court denied the motion, finding no statutory basis to dismiss an indictment voted by a legally constituted Grand Jury when a second Grand Jury declines to indict on the same charges. Defendant thereafter was tried by a jury on the indictment charging her with felony murder. The jury convicted defendant of second degree murder, and she was sentenced to 15 years to life in prison. On appeal, the Appellate Division, with two Justices dissenting, reversed and dismissed the indictment
 
 (see, People v Jones,
 
 206 AD2d 82). Justice Sullivan granted the People leave to appeal to this Court.
 

 II
 

 In each of these cases, the second Grand Jury’s vote of a "no true bill” reflected a conclusion that the evidence was insufficient to warrant prosecution of the defendant before a petit jury. This determination, in direct conflict with the indictment voted by the first Grand Jury, constitutes a legal impediment to conviction of the defendant as contemplated by the "dragnet” clause contained in CPL 210.20 (1) (h)
 
 (see, People v Goodman,
 
 31 NY2d 262, 269, n,
 
 rearg denied
 
 32 NY2d 705). Contrary to the People’s contention, this result does not compromise the integrity of the proceedings before the first Grand Jury. Rather, it was the People’s action in re-presenting all of the charges already considered by the prior Grand Jury that caused the impediment and invalidated the action of the first Grand Jury. The indictment thus became subject to dismissal under CPL 210.20 (1) (h).
 
 *
 
 By re-presenting those
 
 *499
 
 charges already contained in an indictment, the People took the calculated risk that the second Grand Jury could view the evidence favorably toward defendant. This result, produced in the three cases now on appeal, constitutes a legal impediment within the purview of CPL 210.20 (1) (h).
 

 The primary function of the Grand Jury is to investigate crimes and determine whether there exists sufficient evidence and a legal reason to believe that a citizen should stand publicly accused of a crime and be subjected to the task of defending against the accusations at trial
 
 (see, People v Pelchat,
 
 62 NY2d 97, 104-105;
 
 People v Iannone,
 
 45 NY2d 589, 594;
 
 People v Calbud, Inc.,
 
 49 NY2d 389, 394). The Grand Jury may indict only if the evidence establishes a legally sufficient case against the accused
 
 (see,
 
 CPL 190.65 [1];
 
 see also,
 
 CPL 190.75 [1]). We have recognized that the Grand Jury serves as a shield for citizens against unfounded prosecution
 
 (see, People v Pelchat,
 
 62 NY2d, at 108,
 
 supra; People v Wilkins,
 
 68 NY2d 269, 273). Statutory enactments have halted the abusive common-law practice that allowed a prosecutor to continually resubmit charges to successive Grand Juries until an indictment was returned
 
 (see, People ex rel. Flinn v Barr,
 
 259 NY 104, 107-108; CPL 190.75 [1], [3]; CPL 200.80;
 
 see also, People v Cade,
 
 74 NY2d 410, 416, 418).
 

 Here, the action by the subsequent Grand Juries in voting no true bills — effectively rejecting the People’s case — qualifies as "some other * * * legal impediment” under CPL 210.20 (1) (h). This legal impediment, unwittingly created by the People, justifies a grant of a motion to dismiss the indictment. That there has been no challenge to the propriety or regularity of the first Grand Jury action does not dictate a different result, as urged by the People. It was the second Grand Juries’ determination that the evidence was insufficient to sustain the charges, and in the
 
 Franco
 
 and
 
 Alvarez
 
 cases to credit defendant’s testimony over the other witnesses, that created the legal impediment, not something inherent in the proceedings of the first Grand Juries.
 

 The People’s counterargument that only the filing of a superseding indictment can justify dismissal of counts voted by the first Grand Jury under existing law misconstrues the language of CPL 200.80. CPL 200.80 imposes no restriction on the People to resubmit charges, without notice to defendant or leave of court, to the same Grand Jury or to a new Grand Jury to obtain a new, superseding indictment prior to defen
 
 *500
 
 dant’s guilty plea or trial
 
 (see,
 
 CPL 200.80; Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 200.80, at 532;
 
 People v Cade,
 
 74 NY2d, at 414-415,
 
 supra).
 
 The People strain the statutory language "[t]he first indictment is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second indictment” by insisting this means that a count contained in the indictment that is then recharged and rejected by the second Grand Jury survives dismissal. Only when the People do not re-present a charge contained in the indictment voted by the first Grand Jury to the second Grand Jury does that charge merge into the new, i.e., superseding, indictment voted by the second Grand Jury, which would presumably — and logically — contain charges not considered or voted upon by the first Grand Jury. In each of these cases, the People had convinced a Grand Jury to indict and, then, armed with additional proof on another charge could easily have submitted the new charge — and in
 
 Alvarez
 
 the dismissed charge for which leave to re-present was granted — to supplement the original evidence and procure a second indictment. Choosing instead to resubmit all of the charges, the People cannot now rewrite CPL 200.80 to save the first indictments and irreparably prejudice the statutory rights of these defendants
 
 (cf., People v Cade,
 
 74 NY2d, at 416-417, and dissenting opn, at 419-420,
 
 supra,).
 

 CPL 200.80, like CPL 190.75 (3), protects defendants against redundant charges. Where, as here, the second Grand Juries rejected charges voted by previously constituted Grand Juries, the three indictments are no longer legally valid instruments. Thus, without a valid and sufficient accusatory instrument, the People lack the necessary predicate to proceed with a criminal prosecution
 
 (see,
 
 NY Const, art I, § 6; CPL 210.05;
 
 People v Harper,
 
 37 NY2d 96, 99).
 

 Accordingly, in each case, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 In each case: Order affirmed.
 

 *
 

 CPL 210.20 (1) (h) provides, in full: "After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * * (h) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged.”