*583 OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant has filed a motion to dismiss the indictment pending against him. He and five other people, Jason Jacklin, Darnell Macon, Armil Scott, Durrell Shephard and Carl Will-bright, are charged in the indictment. The defendant is named in two counts of attempted murder in the second degree, two counts of assault in the first degree, two counts of attempted assault in the first degree, four counts of assault in the second degree, reckless endangerment in the first degree and criminal possession of a weapon in the second and third degrees. The underlying assertion was that the defendant and the other five men were involved in a shootout in front of the Boston Secor Houses, an apartment building located at 3555 Bivona Street, in which the defendant, Jacklin, Macon and Scott were arrayed against Willbright and Shephard.
The indictment as filed included against the defendant not only the charges listed above, but also the weapons possession charges (criminal possession of a weapon in the second and third degrees). By order of January 15, 2002 the weapons possession charges were dismissed by this court because the evidence before the grand jury was legally insufficient.
On March 19, 2002, the prosecutor re-presented the case to a second grand jury. The defendant’s motion to dismiss indictment No. 3864/01, which is the only indictment currently pending against him, concerns the circumstances surrounding the prosecutor’s re-presentation of the case to the second grand jury.
In the motion to dismiss, the defendant asserts that the prosecutor re-presented the entire case against him to the second grand jury but withdrew the case from that grand jury’s consideration immediately before it was scheduled to vote on the charges. From this, the defense argues that the withdrawal of the case from the second grand jury after all of the evidence had been presented and before a vote could be taken was tantamount to a dismissal of the charges under the principles enunciated by the Court of Appeals in People v Wilkins (68 NY2d 269 [1986]). Finally, the defense concludes that as a consequence, the pending indictment should be dismissed because the withdrawal of the charges from consideration by the second grand jury, which was tantamount to a dismissal, created a legal impediment to the prosecution because the action of the first grand jury was invalidated. (People v Franco, 86 NY2d 493 [1995].)
*584 The defense argument raises the unresolved issue of whether the holdings in Wilkins and Franco merge or whether each establishes a separate and unconnected legal principle. (See Preiser, 1999 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.75, 2002 Pocket Part, at 108.)
For the reasons stated below, the court concludes that each decision concerns a distinct problem with a separate resolution and that the defendant’s motion to dismiss the indictment is denied.
1. The Prosecutor Re-Presented The Case Against The Defendant To The Second Grand Jury.
For purposes of publication, the following summary is provided. The counts charging unlawful possession of a weapon were dismissed on a motion to inspect and dismiss. The assistant district attorney re-presented the case to the grand jury against the defendant and the codefendants. In so doing, he asked the witnesses questions which would have produced testimony against the defendant relating to the attempted murder and assault as well as the gun charges. The witness recanted the testimony given at the first grand jury presentation that implicated the defendant in all of the conduct. The assistant district attorney called other witnesses to provide evidence against the defendant. The evidence was minimal at best. Immediately prior to the submission of the case to the grand jury for a vote, the assistant district attorney withdrew the case against the defendant from the grand jury and the grand jury voted only with respect to the case against the other codefendants. Based on this record, the court found that the case against the defendant on all charges had been represented to the grand jury.
2. The Prosecutor’s Withdrawal Of The Case From The Second Grand Jury Does Not Require Dismissal Of The Indictment.
There having been a re-presentation against the defendant, the question is what consequences attach to the prosecutor’s withdrawal from the grand jury of the case against the defendant. The defense asserts that the withdrawal of the case from the second grand jury after all of the evidence had been presented and before a vote could be taken was the equivalent of the dismissal of the charges under the principles enunciated by the Court of Appeals in People v Wilkins (68 NY2d 269). Counsel then invokes People v Franco (86 NY2d 493), to argue that the pending indictment should be dismissed because the withdrawal of the charges from consideration by the second grand jury, which was the equivalent of a dismissal, created a *585 legal impediment to the prosecution of the charges remaining in the first indictment because that indictment was invalidated by the withdrawal of the second proceedings.
A. Wilkins Does Not Apply
In People v Wilkins (68 NY2d 269), after the prosecutor had presented all of his evidence against the defendant to a grand jury, the prosecutor withdrew the case from that grand jury’s consideration before it had an opportunity to vote on the charges. Without receiving authorization from the court the prosecutor re-presented the case against the defendant to a second grand jury and as a result of the re-presentation, an indictment was returned against the defendant.
The Wilkins Court held that under the circumstances set forth above, a prosecutor’s withdrawal of a completed case from the grand jury before that body has had an opportunity to vote on the charges is deemed to be the functional equivalent of a rejection of the charges by the grand jury. (People v Wilkins, 68 NY2d at 275.) The ruling made applicable to the case the requirements of CPL 190.75 (3): “[w]hen a charge has been so dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury.”
The Wilkins Court found judicial permission to re-present required to keep the prosecutor from undermining the statutory scheme for grand jury action. The Court noted first, under CPL 190.60, which lists the actions a grand jury must take, the “comprehensive statutory scheme regulating Grand Jury proceedings [after presentation of a case] does not contemplate the termination of deliberations without some action by the Grand Jury.”[1] (Id. at 273.)
Second, the Court reasoned that if a prosecutor were allowed to withdraw a completed case from the grand jury before a vote could be taken it “would furnish the prosecutor [with] the means” to undermine the “comprehensive statutory scheme regulating grand jury proceedings”
“in almost every case by withdrawing all but ‘open and shut’ cases and resubmitting them after fur *586 ther preparation or a more compliant Grand Jury is impaneled. Moreover, it would make a mockery of the legislative command that the District Attorney serve as legal advisor to the Grand Jury * * * because it would allow the prosecutor to circumvent the statutory command that an 'affirmative official action or decision’ of the Grand Jury requires the concurrence of 12 of its members, not the sole whim, or even considered judgment, of the prosecutor.” (People v Wilkins, 68 NY2d at 273, 275-276.)
This reasoning was reinforced in People v Gelman (93 NY2d 314, 318 [1999]), where the Court of Appeals explained that Wilkins “focuse[s] on the policies underlying” CPL 190.75, which “was enacted in order to curtail the 'grave abuses’ resulting from the common-law rule that allowed a prosecutor to resubmit a charge repeatedly to successive Grand Juries after the same charge had been dismissed by their predecessors.” Gelman further noted that Wilkins was concerned with preventing prosecutors from engaging in grand jury shopping by withdrawing cases at will until a “more compliant” grand jury could be found. (People v Gelman, 93 NY2d at 319.) Gelman noted that such a practice “would undermine the statutory scheme, and permit the abuses prevalent under the common-law rule.” (Id.)
Finally, the Wilkins Court was concerned with the prejudice to the defendant due to a withdrawal of a completed case from the first grand jury and then a subsequent re-presentation of that case to a second grand jury without judicial permission:
“Prejudice to the defendant may have resulted both because the first Grand Jury, had it been given the opportunity to act pursuant to statute, may very well have dismissed the charges, given the lack of testimony from anyone who had actually seen the defendant shoot at and hit the victim, and because, had leave been sought to resubmit the charges, it may have been denied.” (Id. at 276-277.)
Under Wilkins, where charges are not already pending, a prosecutor cannot withdraw a fully presented case from a grand jury before a vote can be taken and then re-present the case to a second grand jury unless the court grants permission. (CPL 190.75 [3]; People v Wilkins, 68 NY2d at 275, 276.) The concerns that produced the Wilkins decision are not present in this case. The prosecutor in this case already had an indict *587 ment pending against the defendant charging him with attempted murder, assault and reckless endangerment at the time he attempted to re-present the evidence of those same crimes against the defendant to the second grand jury. Thus, it cannot be said that the prosecutor was violating the statute or engaging in grand jury shopping by re-presenting the case to a second grand jury with the hopes of finding a more “compliant” grand jury. The first grand jury had already accepted the People’s evidence. The prosecutor re-presented to the second grand jury charges pending since the indictment had been filed and re-presentation was undertaken because two other charges that had been voted by the first grand jury — criminal possession of a weapon in the second and third degrees — had been dismissed by this court.
The defendant’s reliance on Wilkins is misplaced. Section 190.75 (3) is not applicable: the prosecutor was free to represent or not as he chose.
B. Franco Does Not Apply
Nor is there any merit to the defendant’s claim that the withdrawal of the case against the defendant from the second grand jury created a legal impediment to the prosecution of the charges contained in the indictment under People v Franco (86 NY2d 493). In Franco the Court of Appeals held that “[w]hen the People elect to re-present charges to a second Grand Jury which are already contained in an indictment voted by a prior Grand Jury, and the second Grand Jury returns a ‘no true bill’ following the re-presentment, the second Grand Jury’s determination creates a legal impediment to conviction of defendant under CPL 210.20 (1) (h),[2] requiring dismissal of the indictment.” (People v Franco, 86 NY2d at 495-496.)
The Court held that the legal impediment was created by the direct conflict between the second grand jury’s vote of a “no true bill” and the indictment voted by the first grand jury. (Id. at 498.) Further, the Court held that it was “the second Grand Juries’ determination that the evidence was insufficient to sustain the charges * * * that created the legal impediment, not something inherent in the proceedings of the first Grand Juries.” (People v Franco, 86 NY2d at 499.)
*588 In this case, the prosecutor’s withdrawal of the case from the second grand jury did not conflict with the “true bill” returned by the first grand jury and, therefore, did not create a legal impediment to prosecution. The legal impediment in Franco applies only when the prosecutor has already obtained an indictment against a defendant and then re-presents the same charges contained in that pending indictment to a second grand jury which actually votes on the charges and rejects the People’s case by way of a “no true bill.” The actual conflict between the acceptance of the People’s case by the first grand jury and the rejection of the People’s case by the second grand jury is what creates the legal impediment and bars prosecution under CPL 210.20 (1) (h). (People v Franco, 86 NY2d at 498, 499.)
Here, the second grand jury did not actually vote on any charges against the defendant. As such, there is no conflict between the grand juries because the second grand jury did not vote on and reject the same charges that were presented to the first grand jury. The absence of a vote by the second grand jury makes inapplicable the Franco theory of “legal impediment.”
C. The Theories Of The Two Cases Combined Do Not Change The Result.
The defendant argues that the prosecutor’s withdrawal of the case against the defendant was the legal equivalent to a dismissal under Wilkins and, therefore, there is a conflict between the first and second grand juries. This argument is rejected. As stated above, the withdrawal of the case from the second grand jury is not under Wilkins tantamount to a rejection of the charges by the grand jury because the withdrawal took place at a time when the People had a pending indictment against the defendant.
Moreover, the defendant cannot be heard to argue that the evidence presented to the second grand jury against the defendant was weak and that if the prosecutor had allowed the grand jury to vote it would have returned a no true bill which would have created a legal impediment to prosecution. This argument is flawed because Franco, by its express holding, requires an actual rejection of the charges by the grand jury and is limited to circumstances where the rejection by a second grand jury is of charges that are already contained in a pending indictment. (People v Franco, 86 NY2d at 498, 499.) Because the prosecutor here withdrew the case against the defendant from the second grand jury before the matter was put to a vote, there was no rejection by a grand jury of a prior *589 grand jury decision and, therefore, no legal impediment to prosecution.
The defense argument is also flawed because it is impossible to determine which charges against the defendant would have been submitted to the second grand jury had it been permitted to vote. The case was withdrawn from the grand jury before a vote could be taken and the court would be engaging in sheer speculation if it attempted to predict that the prosecutor would have re-presented already pending charges for the grand jury’s consideration.
Accordingly, the court finds that the withdrawal of the case against the defendant from the second grand jury did not create a legal impediment to the prosecution of the charges contained in the indictment.
Conclusion
For the reasons stated above, the defendant’s motion to dismiss the indictment is denied.
[Portions of opinion omitted for purposes of publication.]

. CPL 190.60 provides that after a grand jury hears and examines evidence it can either indict the defendant, direct the district attorney to file a prosecutor’s information, direct the district attorney to remove the case to Family Court, dismiss the charges or submit a grand jury report.

. CPL 210.20 (1) (h) provides: “After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * * (h) There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged.”