*317
 
 OPINION OF THE COURT
 

 Wesley, J.
 

 The primary issue on this appeal is whether a prosecutor’s withdrawal of a case from a Grand Jury should be deemed a dismissal requiring judicial intervention before the case may be submitted to another Grand Jury
 
 (see,
 
 CPL 190.75). In
 
 People v Wilkins
 
 (68 NY2d 269), this Court held that withdrawal of charges after the People’s presentation was complete was the equivalent of a Grand Jury dismissal. In contrast to
 
 Wilkins,
 
 here little evidence of criminal conduct had been presented, and there was no evidence linking defendant to the commission of the crime. Under these circumstances, the People were not required to seek judicial approval to resubmit the charges to a second Grand Jury panel after the matter was withdrawn from the first.
 

 Defendant was convicted after a Bench trial of first degree arson for hiring four men to set fire to a Manhattan apartment building he owned. All four testified at trial that defendant had agreed to pay $5,000 for the arson. Defendant had been involved in a number of disputes with his tenants over the condition of the building and he wanted the tenants removed to allow conversion of the building into condominium units. An expert testified that the building was worth more as an unoccupied shell awaiting renovation than it was fully occupied with rent-controlled leases.
 

 When the People presented evidence in connection with the charges to the first Grand Jury, only two witnesses were called. One, a firefighter who fought the blaze, testified that there had been a fire in the building and that bolt cutters were found near the building. The second witness, a fire inspector, testified that the fire did not result from natural or accidental causes. Neither witness identified defendant as the owner of the building or linked defendant in any way to the fire. Following this testimony, the People told the Grand Jurors that one of their witnesses would not be available during the Grand Jury’s prescribed term. The Assistant District Attorney asked that the Grand Jury extend its term, solely for the purpose of hear
 
 *318
 
 ing additional evidence in this case. The Grand Jury voted not to do so. The People then withdrew the case, and without judicial approval resubmitted it (calling 16 witnesses) to a new Grand Jury.
 

 Defendant moved to dismiss the indictment on the ground that the charges were improperly submitted to the second Grand Jury without court approval in violation of CPL 190.75 and
 
 People v Wilkins (supra).
 
 The trial court denied the motion, finding the prosecutor’s action in this case consistent with
 
 Wilkins.
 
 The Appellate Division affirmed, holding that the People’s withdrawal of the charges after presenting only “minimal” evidence could not be deemed “the equivalent of a dismissal” under
 
 Wilkins
 
 (240 AD2d 181, 182). A Judge of this Court granted defendant’s application for leave to appeal, and we now affirm.
 

 We begin with the statute. CPL 190.75 provides that, if the evidence before the Grand Jury is insufficient to establish defendant’s commission of a crime, or fails to provide reasonable cause to believe defendant committed a crime, the Grand Jury must dismiss the charge. Subdivision (3) of that section provides that a charge dismissed by the Grand Jury pursuant to the statute may only be re-presented once, and then only with leave of Court.
 
 [1]
 
 Here, there was no dismissal of the charges by the Grand Jury, but rather a withdrawal of the charges by the People. On its face the “two bite rule” embodied in the statute does not apply. In
 
 People v Wilkins,
 
 however, we held that, under limited circumstances, withdrawal of the charges after the People have presented evidence to the Grand Jury may be deemed a dismissal within the meaning of CPL 190.75.
 

 The Court in
 
 Wilkins
 
 focused on the policies underlying the statute. CPL 190.75 (derived from former section 270 of the Code of Criminal Procedure) was enacted in order to curtail the “grave abuses” resulting from the common-law rule that allowed a prosecutor to resubmit a charge repeatedly to successive Grand Juries after the same charge had been dismissed by their predecessors
 
 (see,
 
 Commission Staff Notes to CPL 190.75;
 
 People v Wilkins, supra,
 
 68 NY2d, at 273;
 
 see also, People v Morris,
 
 93 NY2d 908). The Court noted that “[t]he comprehensive
 
 *319
 
 statutory scheme regulating Grand Jury proceedings does not contemplate the termination of deliberations without some action by the Grand Jury”
 
 (People v Wilkins, supra,
 
 at 273). Allowing a prosecutor to withdraw a case at will would undermine the statutory scheme, and permit the abuses prevalent under the common-law rule. The People could simply “withdraw [] all but ‘open and shut’ cases and resubmit [ ] them after further preparation or a more compliant Grand Jury is impaneled”
 
 (id.,
 
 at 275).
 

 Wilkins
 
 was based on the determination that, under limited circumstances, the withdrawal of a case is fundamentally inconsistent with the objectives underlying GPL 190.75. Defendant and
 
 amicus curiae,
 
 New York State Association of Criminal Defense Lawyers, urge that we now expand
 
 Wilkins
 
 and equate a withdrawal with a dismissal whenever the People present
 
 any
 
 evidence to a Grand Jury of criminal conduct. While such a rule has the benefit of clarity and easy application, its fatal flaw is that it is unsupported by the logic and scope of
 
 Wilkins.
 

 In
 
 Wilkins
 
 we noted that “the key factor in determining whether an unauthorized withdrawal of the case must be treated as a dismissal is the
 
 extent
 
 to which the Grand Jury
 
 considered the evidence and the
 
 charge”
 
 (see, People v Wilkins, supra,
 
 68 NY2d, at 274 [emphasis added]). In
 
 Wilkins,
 
 “the first presentation was, as far as the prosecution was concerned, complete” and
 
 “all witnesses
 
 had testified”
 
 (id.,
 
 at 274-275 [emphasis added]). Thus the Court in
 
 Wilkins
 
 determined that the proceedings before the Grand Jury had progressed to the point that the Grand Jury had fully considered the evidence and the charge. Withdrawal under those circumstances constituted dismissal.
 

 It is clear that on this record the Grand Jury did not “consider the evidence and the charge” against defendant. The People presented only two witnesses, neither of whom linked defendant to the commission of this crime. Indeed, the witnesses, at best, provided only an inferential link to criminality. The defendant was never identified as the owner of the building and no evidence of any possible criminality on his part was ever offered to the first Grand Jury. The case was withdrawn from the Grand Jury only because the People were unable to produce a necessary witness prior to the end of the Grand
 
 *320
 
 Jury’s term.
 
 [2]
 
 The Grand Jury’s refusal to extend its term cannot be equated to a disapproval of the People’s case or manipulation of the Grand Jury process. The Grand Jurors simply voted to complete their service without considering this case. Under these circumstances, where only limited evidence had been presented, and the Grand Jury had not been given any opportunity to evaluate the evidence or charges against an identified defendant, the integrity of the Grand Jury proceedings was not impaired
 
 (see,
 
 GPL 210.35 [5];
 
 People v Cade,
 
 74 NY2d 410, 415). Withdrawal of the case was not tantamount to a dismissal under
 
 Wilkins.
 

 One other issue raised by defendant merits some discussion. As the trial approached, defendant and his counsel disagreed over whether to proceed with a Bench or jury trial.- Defendant’s counsel believed that defendant would not fare well with a jury that could possibly be entirely comprised of tenants; defense counsel recommended a Bench trial to his client. A co-defendant and his attorney agreed with this assessment and waived a jury trial. Defendant, however, was steadfast in his desire for a jury. Following a pretrial conference in which the logistics of the coming proceedings were discussed, the Judge’s law clerk remarked to defendant’s counsel during a chance encounter in a hallway of the courthouse that he agreed that defendant would be better off with a Bench trial, and that the Judge would certainly give him a fair trial.
 

 That no promises as to either the determination of guilt or sentencing were made by the law clerk rest on undisturbed findings of fact. Defendant eventually agreed to waive a jury trial, executing the required written waiver and swearing that he had received no promises or inducements for agreeing to the waiver.
 

 The law clerk’s remarks to defense counsel were imprudent. Our inquiry, however, is limited to whether the claimed assertion renders defendant’s decision to waive his right to a jury trial involuntary. It does not.
 

 A promise of favorable treatment that is not fulfilled may invalidate a defendant’s waiver of his right to a jury trial if
 
 *321
 
 reliance on that promise is objectively reasonable
 
 (cf., People v Selikoff,
 
 35 NY2d 227;
 
 Mosher v Lavallee,
 
 491 F2d 1346). Here, there was no promise of favorable treatment. Objectively viewed, at most there was a suggestion that the trial court would be a fair arbiter of the facts, and that this might be more than defendant could expect from a jury of his peers. There was no actual promise of favorable treatment, and any expectation that defendant or his counsel may have harbored in this regard simply was not reasonable. Under the circumstances, the remark did not render defendant’s waiver involuntary.
 

 We have examined defendant’s remaining contentions, and find them to be either unpreserved or without merit.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Rosenblatt concur.
 

 Order affirmed.
 

 [2]
 

 . The majority in
 
 Wilkins,
 
 in response to concerns raised by the dissent, did anticipate requests to the Grand Jury to extend its term to accommodate unavailable witnesses. The majority did suggest that should the Grand Jury, as it did here, deny the request to extend its term, leave for resubmission from the court would be appropriate. However, it did so in the context of a case — unlike the one before us — in which the Grand Jury had already crossed the
 
 Wilkins
 
 threshold.