■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAKEDA DAVIS, Appellant. [938 NYS2d 8]—

When this case was originally before us, we held, among other things, that the trial court had erred in denying defendant's motion to dismiss the indictment. We found that the indictment was unauthorized because the People, after withdrawing the presentation of the case to the grand jury, failed to obtain court authorization pursuant to CPL 190.75 (3) before re-presenting the case to a second grand jury. We dismissed the indictment but granted the People leave to apply for a court order permitting them to re-submit the charges to a third grand jury (*People v Davis*, 72 AD3d 53 [2010]).

The Court of Appeals reversed, finding that under the cir-

cumstances of this case the People did not need court authorization before re-presenting it and remitted the case for our determination of the unresolved issues that defendant raised on the appeal to this Court (*People v Davis*, 17 NY3d 633 [2011]).

Except as to the conviction of assault in the second degree, which we find should be vacated for the reasons explained below, defendant's remaining claims are unavailing. We reject defendant's argument that the indictment should be dismissed on the grounds the People breached their duty of fair dealing by failing to introduce in the second grand jury proceedings the victim's purported "exculpatory" testimony from the first grand jury proceedings. Specifically, defendant asserts that the prosecutor should have introduced testimony from the first grand jury proceeding that included the statement that defendant held "some type of object in her hand," but the victim "really didn't see exactly what it was"; and that defendant "did not touch [Walker] with [the object]."

We find that the testimony is not so radically different from the testimony given in the second grand jury proceeding that its omission from the second proceeding constitutes sufficient prejudice to defendant such as to render the proceeding defective (*see* CPL 210.20 [1] [c]; 210.35 [5]). The statutory test for finding a proceeding defective is "very precise and very high" and is not satisfied by a showing of "mere flaw, error or skewing" of the evidence (*People v Darby*, 75 NY2d 449, 455 [1990]).

Indeed, while the prosecutor "owes a duty of fair dealing to the accused and candor to the courts" (*People v Pelchat*, 62 NY2d 97, 105 [1984]), "[t]he People generally enjoy wide discretion in presenting their case to the Grand Jury and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused" (*People v Lancaster*, 69 NY2d 20, 25-26 [1986] [ citation omitted]).

In any event, defendant was not prejudiced by the People's failure to disclose the purportedly exculpatory statements. Even without the victim's testimony, the second grand jury had sufficient evidence to indict defendant. Indeed, the victim's friend testified that she observed defendant attacking the victim with a razor, and the treating physician indicated that the victim's lacerations had been caused by "a sharp instrument" and would result in permanent scarring.

Defendant's objection as to the legal sufficiency of the evidence establishing that the victim sustained permanent disfigurement pursuant to Penal Law § 120.10 (2) is unpreserved, and we decline to review it as a matter of discretion in

the interest of justice. Defendant merely moved below "to have the case against her dismissed for failure by the People to prove a prima facie case" and her objection was not specifically directed at the alleged insufficiency (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). Likewise, defendant's objection as to the court's jury instructions with respect to the "injury" elements of the first-degree assault counts is unpreserved since she did not, at any time, object to any of the jury instructions. We decline to review this issue in the interest of justice as well (*see* CPL 470.05 [2]; *see generally People v Robinson*, 36 NY2d 224, 228 [1975] [the defendant failed to preserve his arguments regarding the trial court's jury instruction]).

Finally, because we uphold defendant's conviction for assault in the first degree pursuant to Penal Law § 120.10 (2), as the People correctly concede, her conviction of assault in the second degree pursuant to Penal Law § 120.05 (2) should be vacated and that count of the indictment dismissed because it is an inclusory concurrent count (*see People v Allen*, 147 AD2d 352 [1989], *lv denied* 73 NY2d 1010 [1989]; *People v Ridout*, 46 AD2d 643 [1974]; *see also* CPL 300.40 [3] [b]; *People v Grier*, 37 NY2d 847, 848 [1975] [if a verdict is comprised of inclusory concurrent counts, a verdict of guilty on the greatest count is deemed a dismissal of every lesser count]). Concur—Friedman, J.P., Sweeny, Catterson, Renwick and Freedman, JJ.

Motion for judicial notice of certain letters and documents denied.