# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**536**

**KA 12-00517**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES L. CARR, DEFENDANT-APPELLANT.

---

EVAN M. LUMLEY, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Erie County (M. William Boller, A.J.), dated February 21, 2012. The order denied the motion of defendant pursuant to CPL 440.10.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion pursuant to CPL article 440 seeking to vacate the judgment convicting him of two counts of murder in the second degree (Penal Law § 125.25 [3]) and one count of robbery in the first degree (§ 160.15 [1]), in connection with the stabbing death in 1993 of an 81-year-old man in his home. Defendant was charged by felony complaint with burglary in the second degree (§ 140.25 [2]), after giving inculpatory statements to police when confronted with evidence that his fingerprints were at the scene of the crime. Defendant waived immunity and testified before a grand jury in 1993. As part of the waiver of immunity, defendant stated that he understood that "this grand jury . . . is investigating the charges of burglary in the second degree, burglary in the first degree, murder in the second degree and any other matter of every nature pertaining thereto." The prosecutor charged the grand jury with a single count of burglary in the second degree. Defendant was convicted of that offense and, following his conviction, the People presented evidence to a second grand jury that included the testimony of an inmate that defendant had admitted to committing the murder. Defendant was indicted and, following a jury trial, convicted in connection with the victim's death. Defendant now contends on appeal that Supreme Court erred in denying his motion pursuant to CPL 440.10 seeking to vacate the judgment and dismiss the indictment on the ground that the People failed to seek leave to represent the matter to another grand jury, in violation of CPL 190.75 (3).

Contrary to the People's contention, defendant's failure to move, before trial, to dismiss the indictment on that ground does not constitute a waiver of his right to seek that relief. It is axiomatic that the failure to obtain leave of court to present a matter to a second grand jury, where required, deprives the grand jury of jurisdiction to hear the matter, thereby rendering the indictment void (*see People ex rel. Lalley v Barr*, 259 NY 104, 108; *People v Dinkins*, 104 AD3d 413, 414-415), which, in turn, deprives the court of jurisdiction (*see* CPL 210.05). Jurisdiction of the court cannot be waived by defendant (*see People v Smith*, 103 AD3d 430, 432-433; *see generally People v Patterson*, 39 NY2d 288, 295, *affd* 432 US 197).

We nevertheless conclude that, contrary to defendant's contention, the People did not withdraw from consideration of the first grand jury the charges of murder and robbery, which would have constituted the functional equivalent of a dismissal of those charges under *People v Wilkins* (68 NY2d 269, 274). Although the presentation had been completed (*see id.; cf. People v Davis*, 17 NY3d 633, 636), we conclude that charging the grand jury with only one offense did not constitute the functional equivalent of the dismissal of the murder and robbery counts. Indeed, although it was clear that defendant was a suspect in the victim's death, there was no direct evidence presented to the first grand jury tying defendant to those additional offenses. Instead, "the witnesses, at best, provided only an inferential link to [those additional crimes]" (*People v Gelman*, 93 NY2d 314, 319). Thus, we conclude that the " 'limited circumstances' " to which *Wilkins* applies are not present here (*Davis*, 17 NY3d at 638, quoting *Gelman*, 93 NY2d at 319).

Entered: May 1, 2015                                    Frances E. Cafarell
                                                        Clerk of the Court