# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

387

KA 13-02206

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

GILBERTO LOPEZ, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 30, 2013. The judgment convicted defendant, after a nonjury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Onondaga County Court for further proceedings.

Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). The conviction arose from the observations of a police officer conducting surveillance of a gas station parking lot after reports of drug sales occurring at that location were received. Shortly after defendant arrived at the gas station as a passenger in one vehicle (first vehicle), defendant exited the first vehicle and entered a second vehicle for about 30 seconds, and then defendant returned to the first vehicle. When both vehicles left the parking lot, the officer contacted another police officer, who stopped the first vehicle a short distance away and found heroin inside the vehicle.

Meanwhile, the officer conducting surveillance at the gas station followed the other vehicle to a nearby motel, where he saw the driver exit the vehicle and enter a motel room. The driver thereafter left his motel room and was approached by the police. The driver admitted that he had purchased heroin from defendant at the gas station, and he consented to a search of the motel room, where the police recovered heroin that had been purchased from defendant.

Defendant was initially indicted on one count of criminal possession of a controlled substance in the third degree upon allegations that he possessed heroin at the time of the traffic stop. That indictment was dismissed after County Court determined that the traffic stop was unlawful and granted defendant's motion to suppress the evidence recovered during the stop. Based upon the statements of the driver of the other vehicle and the evidence recovered at the motel, defendant was subsequently indicted with the instant charges upon allegations that he possessed heroin and sold it to the driver of the other vehicle while they were at the gas station.

Defendant contends that the court should have suppressed the evidence recovered at the motel as the fruit of the illegal traffic stop. We reject that contention and conclude that the court properly refused to suppress the evidence without holding a hearing (*see generally People v Pucci*, 37 AD3d 1068, 1068, *lv denied* 8 NY3d 949). There was no causal connection between the unlawful traffic stop and the evidence recovered at the motel inasmuch as the police activity at the motel was based upon the officer's observations at the gas station and not upon information obtained as a result of the unlawful stop of the vehicle in which defendant was a passenger (*see People v Cooley*, 48 AD3d 1091, 1091, *lv denied* 10 NY3d 861; *People v Washington*, 37 AD3d 1131, 1132, *lv denied* 8 NY3d 992; *People v Sommerville*, 6 AD3d 1232, 1232, *lv denied* 3 NY3d 648). Defendant further contends that the court erred in refusing to suppress the identification of the police officer who observed defendant at the gas station and then later viewed defendant at the scene of the unlawful traffic stop because the identification was the fruit of the unlawful stop. We conclude that defendant failed to preserve that contention for our review because he did not move to suppress the identification testimony on that ground (*see generally People v Crouch*, 70 AD3d 1369, 1370, *lv denied* 15 NY3d 773). In any event, we conclude that any error in the court's refusal to suppress the identification is harmless beyond a reasonable doubt. The evidence of guilt is overwhelming, and there is no reasonable possibility that the error contributed to the conviction (*see generally People v Crimmins*, 36 NY2d 230, 237).

Finally, we agree with defendant that the court did not rule on his motion to dismiss the indictment based on the People's alleged violation of CPL 190.75 (3) in failing to seek leave to represent the matter to a second grand jury. "CPL 470.15 precludes the Appellate Division from reviewing an issue that was either decided in appellant's favor or was not decided by the trial court" (*People v Ingram*, 18 NY3d 948, 949; *see People v Chattley*, 89 AD3d 1557, 1558). We therefore hold the case, reserve decision, and remit the matter to County Court to rule on defendant's motion.

Entered:  May 6, 2016                          Frances E. Cafarell
                                               Clerk of the Court