# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

907

KA 13-02206

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

GILBERTO LOPEZ, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (Anthony F.
Aloi, J.), rendered January 30, 2013. The appeal was held by this
Court by order entered May 6, 2016, decision was reserved and the
matter was remitted to Onondaga County Court for further proceedings.
The proceedings were held and completed.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and
remitted the matter to County Court to rule on defendant's motion to
dismiss the indictment based on an alleged violation of CPL 190.75 (3)
(*People v Lopez*, 139 AD3d 1381). The basis of defendant's motion is
his allegation that the People sought an indictment from the grand
jury on only one charge, for criminal possession of a controlled
substance in the third degree (Penal Law § 220.16 [1]), which stemmed
from defendant's alleged possession of heroin during a traffic stop
(hereafter, traffic stop charge). Defendant also alleged in his
motion that the People withdrew from the consideration of the grand
jury two other charges, i.e., criminal sale of a controlled substance
in the third degree (§ 220.39 [1]) and criminal possession of a
controlled substance in the third degree (§ 220.16 [1]), which stemmed
from defendant's alleged sale of heroin to an individual in a gas
station parking lot (hereafter, criminal sale charges). Defendant
contended that the withdrawal of the criminal sale charges constituted
an effective dismissal thereof, and that the People were therefore
required to obtain authorization of the court to re-present those
charges to another grand jury. Inasmuch as the People failed to
obtain such authorization before presenting the criminal sale charges
to a second grand jury, the indictment was rendered jurisdictionally
defective. Upon remittal, the court denied the motion.

Contrary to defendant's contention, the court properly denied the motion.  We agree with defendant that, had the People actually withdrawn from the first grand jury consideration of the criminal sale charges that it had presented, such withdrawal would have constituted the functional equivalent of a dismissal of those charges under *People v Wilkins* (68 NY2d 269, 274).  The minutes from the first grand jury, however, do not support the allegations in defendant's motion.  Those minutes make clear that, although the People presented the first grand jury with evidence of both the traffic stop and the criminal sale, they asked the first grand jury to consider only the traffic stop charge.  We conclude that asking the first grand jury to consider only the traffic stop charge did not constitute the withdrawal of the criminal sale charges and the functional equivalent of their dismissal.  Although the first grand jury heard some of the facts underlying the criminal sale charges, they never considered the criminal sale charges, and " 'the extent to which the grand jury *considered the evidence and the charge[s]*' " is the "key factor" in an analysis "whether an unauthorized withdrawal of [charges] must be treated as a dismissal" (*People v Gelman*, 93 NY2d 314, 319; *see Wilkins*, 68 NY2d at 274; *see also People v Davis*, 17 NY3d 633, 638).  Indeed, there is no indication in the first grand jury minutes that the grand jury was even aware of the existence or possibility of the criminal sale charges, and the Court of Appeals has made clear that, " '[b]efore a grand jury may be said to have acted upon a charge, there must be some indication that it knew about it' " (*Wilkins*, 68 NY2d at 274).  Moreover, "[t]here is no evidence in this record that would raise the primary concern of . . . *Wilkins*, namely that the People withdrew [the criminal sale charges] in order to present [them] to a more compliant grand jury" (*Davis*, 17 NY3d at 639).  The People's decision not to present the criminal sale charges for the consideration of the first grand jury is not " 'fundamentally inconsistent with the objectives underlying CPL 190.75' " (*Davis*, 17 NY3d at 638, quoting *Gelman*, 93 NY2d at 319), and we therefore conclude that this case does not present those " 'limited circumstances' " to which the holding of *Wilkins* applies (*id.*).