The People of the State of New York, Appellant, 
against
Vladimir Chery, Defendant-Respondent.




The People appeal from so much of an order of the Criminal Court of the City of New York, Bronx County (Marsha D. Michael, J.), dated August 23, 2018, which dismissed the charges of operating a motor vehicle under the influence of alcohol or drugs, obstructing governmental administration in the second degree and leaving the scene of an incident without reporting.




Per Curiam.
Order (Marsha D. Michael, J.), dated August 23, 2018, insofar as appealed from, reversed, on the law, the counts of the accusatory instrument charging defendant with operating a motor vehicle under the influence of alcohol or drugs, obstructing governmental administration in the second degree and leaving the scene of an incident are reinstated and the matter remitted to Criminal Court for further proceedings.
Defendant was charged with third-degree bribery (see Penal Law § 200.00), a felony, as well as various misdemeanors and a traffic infraction. The charges arose from an incident where defendant was observed in an intoxicated condition, acknowledged that he had been driving, had a set of brass knuckles in his pocket, and offered police compensation if they let him go. Upon presentation of the case to a grand jury, the panel voted a true bill as to only one charge, criminal possession of a weapon in the fourth degree (see Penal Law § 265.01), a misdemeanor. The grand jury did not have the requisite 12 votes for action on any of the other charges (see CPL 190.25[1]). Rather than resubmitting the charges to another grand jury, the People dismissed the bribery charge, the sole felony count, and filed a prosecutor's information on the fourth-degree weapons possession and other non-felony offenses.
Defendant moved to dismiss, claiming that the People's withdrawal of the case from the grand jury was tantamount to dismissal of the charges, rendering the accusatory instrument void. Criminal Court agreed and granted the motion, concluding that "the People's presentation to the grand jury was sufficiently far along in the process such that the People's removal of any of the counts from the panel without a determination was effectively a dismissal of the charges for which no action was taken." Upon the People's appeal, we reverse and reinstate the non-felony charges dismissed by Criminal Court.
CPL 190.75(3) provides that when a charge has been dismissed by a grand jury, "it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury." This provision was enacted "in order to curtail the 'grave abuses' resulting from the common-law rule that allowed a prosecutor to resubmit a charge repeatedly to successive Grand Juries after the same charge had been dismissed by their predecessors" (People v Gelman, 93 NY2d 314, 318 [1999]). In People v Wilkins, 68 NY2d 269 (1986), the Court of Appeals held that a prosecutor's unilateral withdrawal of a case from a grand jury after presentation of the evidence was tantamount to a dismissal, and that the prosecutor must seek court permission pursuant to CPL 190.75(3) to submit the case to a new grand jury. In People v Credle, 17 NY3d 556 (2011), the Court held that if a grand jury deadlocks on a case submitted to it after presentation of the evidence and consideration of the charges, the prosecutor may not resubmit the case to a different grand jury without first obtaining the court permission mandated by CPL 190.75(3).
In this case CPL 190.75(3) and the case law interpreting it are inapplicable because the People did not resubmit the case to a new grand jury. Instead, the People dismissed the felony charge and filed a prosecutor's information in Criminal Court on the non-felony offenses, a scenario not addressed by CPL 190.75(3). That the People are not required to seek permission to prosecute non-felony offenses after dismissal by a grand jury is clear when comparing CPL 190.75(3) to the predecessor statute, Code of Criminal Procedure § 270. Whereas former Code of Criminal Procedure § 270 specifically required judicial permission to prosecute misdemeanors dismissed by a grand jury in a lower court, CPL 190.75(3) contains no such requirement. The omission of that restriction in CPL 190.75(3) "in the face of its obvious inclusion in the Code, appears to indicate a conscious - albeit unexplained - choice to permit prosecution of the offense as a misdemeanor in a local criminal court" (Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.75 at 140). Indeed, nearly two decades ago we addressed this very issue and held that CPL 190.75(3) "does not apply to a situation where, as here, felony and related non-felony charges are withdrawn from Grand Jury consideration upon the District Attorney's discretionary decision to voluntarily dismiss the felony charges and prosecute only the remaining non-felony offenses in a local criminal court" (People v Vega, 2003 NY Slip Op 50876[U] [App Term, 1st Dept 2003]), lv denied 100 NY2d 588 [2003]). Accordingly, the People were not barred from proceeding by criminal court information on any of the remaining misdemeanor charges.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 06, 2020